Shaw, C. J.
On exceptions from the municipal court, it appears, that the defendant was originally prosecuted in the *409 police court of the city of Boston, for an alleged violation oí a by-law thereof, in burying a dead body at a place in South Boston, known as the catholic burying-ground.
Several questions of considerable importance to the community, and to the rights of individuals, were argued, which-the court are precluded from now considering, by a preliminary question, namely, whether the prosecution was rightly commenced.
It appears by the record, that the prosecution was com menced in the police court, by a complaint, in the name of the commonwealth, by Alfred Sleeper, of Boston, a police officer, setting forth the burial of a dead body on the 16th of December, 1849, in South Boston, without a special vote of the mayor and aldermen, against the peace, &c., and the form of the statute of the commonwealth, and a by-law of the city, in such case made and provided.
A preliminary exception was taken by the defendant, that the prosecution was not rightly commenced in the name of the commonwealth, on the complaint of a police officer, but should have been commenced by a complaint, in the name of the city treasurer, before the police court, for the penalty to be recovered to the use of the city. Various provisions of former laws were cited by the learned public prosecutor, to show how fines might be prosecuted for and recovered, under the provincial law, under former laws of the commonwealth, and under the by-laws of towns and cities; and the case of Van-dine, 6 Pick. 187, was relied on, but for the reasons hereafter stated, we think they are not applicable.
By the statute of 1849, c. 211, § 7, it is provided, that all "fines and forfeitures, incurred under the general law, or the special laws applicable to any town or city, or the ordinances, bylaws, and regulations of any town or city, relating to health, shall enure to the use of such town or city, and may be recovered by complaint, in the name of the treasurer, before any justice of the peace of the county or police court of the city, in which the offence may have been committed.
This provision seems to be broad and comprehensive in its objects, as well as precise a.nd exact in its terms, and intended *410 to prescribe a general rule easily understood and applicable to all cases. Perhaps it may not be too much to say, that it was because the laws were so various, as, for instance, general laws of the commonwealth, special laws made for particular towns, or the by-laws and regulations of towns and cities; and because the modes of prosecution were various and complicated, and not easily understood, as, by indictment, complaint, qui tam action, and the like; and because the uses to which fines should be recoverable were so various; that the legislature thought it expedient to supersede them all, by directing a mode of proceeding easily understood and general in its ap- ’ plication.
It is argued, in opposition to this objection, that the provision of the statute of 1849 is permissive and not mandatory, — “ may be recovered,” — and therefore that all other modes of prosecution were left to be pursued, as they might have been before.
But the court are of opinion, that this is not the true construction of the statute. It certainly is not so, if it was the purpose of the act, as we think it was, to simplify and consolidate the previous varying provisions of law, and bring them all under one plain and practical rule. The act concentrated in city councils all the powers regulating health, to be carried into effect, in such manner as they might direct, by boards or officers; although such powers had been previously vested in a board of health specially constituted. It devolved upon cities and towns the duty of removing all nuisances, when not removed by individuals liable therefor, with a right to recover for the expenses of such removal.
But what in our judgment is more decisive is, that the same section, which directs the prosecution, declares that all fines, ■ &c., under the laws relating to health, shall enure to the use of such town or city. If the argument is sound, that the mode of prosecution directed in the act of 1849, is cumulative only, and not exclusive, then the complaint by the city treasurer is only one amongst various modes of prosecution, and the result would be, that the commonwealth, by its grand jury or public prosecutors, or any police officer, or any individual person, might *411 complain and prosecute for a fine, which, by law, belongs to the city or town where it is incurred. It is a settled and necessary rule, in the administration of the criminal law, that where there are concurrent remedies and modes of proceeding to recover penalties, the first in time is first in right and supersedes all others. The effect, therefore, of the construction relied.on, would be, that when a penalty is incurred, any person, even any one in collusion with the offender, might make a complaint, and thereby defeat the right of the fiscal officer of the city or town, to recover a sum of money which the law declares shall enure to their use.
B. Choate and W. Dehon, for the defendant.
S. _D. Parker, county attorney, for the commonwealth.
On the contrary, the court are of opinion, that it was the intention of the legislature, and is the true construction of this statute, that these fines and forfeitures should enure to the use of the municipal corporations, as some compensation for the duties and expenses charged upon them, and that the power to collect them by process of law was vested exclusively in their treasurer.
It was objected, that the by-law of the city, under which it is alleged that the defendant had incurred the penalty sued for by burying a dead body contrary to its provisions, did not in terms purport to be a law intended to preserve the public health. But the court are of opinion, that there is no ground for this exception. The subject of burying-grounds, and the burial of the dead, and all regulations upon that subject, were vested in the board of health, by the act of June 20th, 1816. These powers were transferred to the city government by the act incorporating the city and are recognized in the act in question; and it is under these powers, that the regulations and by-laws were passed, which the defendant is charged with violating. Exceptions sustained.